# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| Sandro Pineda, | ) |
| | ) |
| Plaintiff, | ) |
| | )    Case No. 17 CV 00313 |
| v. | ) |
| | )    Judge Philip G. Reinhard |
| Village of Cherry Valley, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendants' partial motion for judgment on the pleadings [76], is denied.

## STATEMENT- OPINION

Plaintiff Sandro Pineda has filed this action against several defendants regarding a traffic stop and subsequent arrest on January 19, 2015. According to plaintiff's complaint, defendant officers pulled him over, jammed a baton or other blunt object into his ribcage before he could exit the vehicle. Plaintiff was unarmed and not resisting when a defendant officer tasered him. Plaintiff was then tackled and handcuffed and tasered again. Plaintiff was taken to the hospital for his injuries. Plaintiff was charged with several misdemeanor and felony charges. Count I of plaintiff's complaint alleges the defendant officers did not have reasonable suspicion that plaintiff was engaged in criminal activity at the time of his arrest, and therefore he was seized in violation of his Fourth Amendment rights under 42 U.S.C. § 1983. Count II alleges excessive force; Count III alleges failure to intervene; and Count IV alleges indemnification.

According to Winnebago County Circuit Court public court records, on November 29, 2018, plaintiff pleaded guilty and was found guilty of felon in possession of a firearm (720 ILCS 5/24-1.1(a)), and aggravated driving under the influence (625 ILCS 5/11-501(a)).[1] See *People of the State of Illinois v. Sandro Filderto Pineda*, 2015 CF 000144 (17th Judicial Circuit Court, Winnebago County, Illinois).[2]

Defendants have filed a partial motion for judgment on the pleadings as to Count I of plaintiff's complaint – unreasonable seizure and Count IV of plaintiff's complaint – indemnification (to the extent that Count IV contemplates indemnification for Count I). See [76]. Magistrate Judge Jensen entered a briefing schedule on April 24, 2019 [87], ordering plaintiff's response to be filed by May 22, 2019, and defendants' reply to plaintiff's response to be filed by June 5, 2019. Plaintiff failed to file a response to defendants' motion. *Id*. Defendants filed a "reply" on June 5, 2019, arguing defendants' motion is unrebutted and, therefore, should be

---

[1] Plaintiff filed his lawsuit on January 16, 2017.
[2] The court may take judicial notice of public records. *Tobey v. Chibucos*, 890 F.3d 634, 647-48 (7th Cir. 2018).

granted [91]. Plaintiff's failure to make a legal argument in opposition to defendants' partial motion for judgment on the pleadings subjects the issue to waiver. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court."). Waiver aside, the court will address defendants' argument on its merits.

## A. Standard of Review

Defendants bring this motion pursuant to Fed. R. Civ. P. 12(c) which states: "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." The standard for analyzing a motion for judgment on the pleadings is the same as that for dismissing a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6): "the complaint must state a claim that is plausible on its face." *Vinson v. Vermilion Cty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015); *Gill v. City of Milwaukee*, 850 F.3d 335 (7th Cir. 2017). The court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-moving part[y]." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted).

## B. Analysis

Defendants argue plaintiff's claim of unreasonable seizure overtly challenges his conviction and sentence in his underlying criminal proceeding and, therefore, should be barred pursuant to the authority of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* instructs that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. If so, until the sentence has been invalidated, the cause of action for damages does not accrue. *Id.* at 490. The rule of *Heck* is intended to prevent a collateral attack on a criminal conviction through the vehicle of a civil suit. *Id.* at 484. On the other hand, if the civil action, even if successful, "will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.* at 487 (emphasis in original). When analyzing "whether *Heck* requires dismissal, we must consider the factual basis of the claim and determine whether it necessarily implies the invalidity of [the plaintiff's] conviction." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014); *Walace v. Kato*, 549 U.S. 384, 392 (2007) (a plaintiff may not raise a claim under Section 1983 "which, if true, would have established the invalidity of his outstanding conviction").

There is, however, an exception to the *Heck* bar. Considered a "general approach", Seventh Circuit law holds that a plaintiff may be able to bring a Section 1983 action for unreasonable seizure without challenging the validity of his conviction. *Rollins v. Willett*, 770 F.3d 575, 576 (7th Cir. 2014); *Norris v. Baikie*, Case No. 14-CV-1652, 2017 WL 395699, at * 4 (N.D. Ill. January 30, 2017). In *Rollins*, plaintiff was exiting his car in a parking lot when defendant police officers ordered him to get back into his car. He refused to cooperate and was subsequently arrested. He later pleaded guilty to driving on a suspended or revoked license.

*Rollins*, 770 F.3d at 576. He filed suit against the officers alleging unreasonable seizure. *Id*. The district court dismissed the action based on *Heck*. The Seventh Circuit reversed noting a distinction between plaintiff's case and an appropriate dismissal under *Heck*:

> This case is different. Rollins pleaded guilty. There isn't any doubt that he *was* guilty – that he'd been driving on a suspended or revoked license. If he can prove that the action of the police in forcing him to get back in his car and show them his driving papers was unconstitutional, that cannot change the fact that he was driving without a valid license. Illegal searches and seizures frequently turn up irrefutable evidence of guilt. The evidence can be suppressed if the government attempts to present it at trial, but there was no trial. A finding that the defendant was illegally seized – the finding he seeks in this suit – would therefore have no relevance to the validity of his guilty plea and ensuing conviction.

*Id*. (emphasis in original).

Also, in *Mordi v. Zeigler*, 870 F.3d 703 (7th Cir. 2017), plaintiff brought Section 1983 claims against defendant police officers based on his belief that the officers involved in his traffic stop violated his Fourth Amendment rights. Plaintiff argued that if he prevailed on his claim that the officers racially profiled him and prolonged his detention (his civil suit claims), his conviction for drug possession would not be affected. *Id*. at 707. Agreeing with plaintiff, the court cited its precedent of *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010): "'[m]any claims that concern how police conduct searches or arrests are compatible with a conviction. For example, an arrest without probable cause violates the fourth amendment but does not imply the invalidity of a conviction, because courts do not 'suppress the body' of the accused.' *Id*. at 363-64." *Mordi*, 870 F.3d at 707-08. The Seventh Circuit has also said: "Even if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). Plaintiff's Fourth Amendment claim for unreasonable seizure appears to fit within this *Heck* bar exception.

However, there is an exception to this *Heck* exception, as put forth by defendants in their brief. "The second-layer exception comes into play if a plaintiff's [factual] allegations *necessarily* imply the invalidity of a conviction (even one based on a guilty plea); in that case, it says, the *Heck* bar springs back into existence." *Mordi*, 870 F.3d at 708 (emphasis in original). This "exception to the exception" is found in both *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003), and *Tolliver v. City of Chicago*, 820 F.3d 237 (7th Cir. 2016), each relied upon by defendants.

In *Okoro*, plaintiff had been arrested and ultimately convicted of drug violations. Plaintiff brought a civil suit against the defendant police officers alleging that during the search of his home, the officers stole gems and cash from him. *Okoro*, 324 F.3d at 489. Plaintiff argued throughout his civil case that he had not been trying to sell drugs to the defendant officers; he was trying to

sell them gems, which the officers then stole. *Id*. The *Okoro* court held that while Okoro *could* have been guilty of drug violations and yet *also* been the victim of theft by the defendant officers (no *Heck* bar), he "adhered steadfastly to his position that there were no drugs, that he was framed; in so arguing he was making a collateral attack on his conviction, and *Heck* holds that he may not do that in a civil suit." *Id*. at 489-90. And as summarized by the court in *Mordi*: "In keeping with our normal practice of looking beyond labels and judging cases on the basis of their substance, we held that Okoro's attempted section 1983 action was *Heck*-barred." *Mordi*, 870 F.3d at 708.

In *Tolliver*, plaintiff pleaded guilty to aggravated battery of a peace officer and possession of a controlled substance with intent to deliver. *Tolliver*, 820 F.3d at 241. Plaintiff then filed a Section 1983 suit against the officers who arrested him claiming they violated his civil rights by, among other things, using excessive force. *Id*. The Seventh Circuit agreed with the lower court that plaintiff's claim for excessive force was barred by *Heck*. The court first acknowledged that there was "nothing inherently contradictory" about pleading guilty to aggravated battery of a peace officer and bringing a claim for excessive force. *Id*. at 243. "But if the plaintiff's factual claims in the civil suit necessarily imply the invalidity of the criminal conviction, then *Heck* bars the civil suit." *Id*. Tolliver's conviction was based on voluntarily, and knowingly or intentionally causing bodily harm to the police officer, without legal justification. Id. at 244. The court noted that Tolliver alleged in his civil suit that he could not have been guilty of aggravated battery of a peace officer because the defendant officer shot him without provocation. *Id*. The court held "[b]ecause Tolliver is the master of his ground, and because the allegations he makes now necessarily imply the invalidity of his conviction," his suit is barred by *Heck*. *Id*. at 244.[3]

This brings us back to plaintiff's unreasonable seizure claim. The court must analyze the factual allegations contained in plaintiff's complaint to determine "not whether [plaintiff] *could have* drafted a complaint that steers clear of *Heck* (he could have), but whether he did. In other words, does the complaint contain factual allegations that 'necessarily imply' the invalidity of his convictions." *McCann v. Nielsen*, 466 F.3d 619, 622 (7th Cir. 2006) citing *Heck*, 512 U.S. at 487. Giving plaintiff the benefit of all reasonable inferences (as the court is obligated to do - *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016)), the court finds that plaintiff's complaint can be read in such a way that does not implicate *Heck*.

As noted above, plaintiff pleaded guilty to felon in possession of a firearm and driving under the influence. Plaintiff states in his complaint: "Plaintiff exited the vehicle with his hands up. Plaintiff was unarmed." [1] at para. 14. Defendants argue this factual allegation steers plaintiff's case into a *Heck* bar. Read in the light most favorable to plaintiff, the court does not agree that this statement *necessarily* implies the invalidity of his conviction for felon in possession of a firearm. Plaintiff does not plead that following a search of his person and vehicle that the defendant officers were unable to locate a firearm. This type of factual allegation would certainly

---

[3] Also see *Norris*. There, plaintiff claimed his rights were violated under the Fourth Amendment, *insisting* he had committed no criminal offense. *Norris*, 2017 WL 395699, at *4. "[A]ll of Plaintiff's Fourth Amendment claims are based on his assertion that he was wrongly convicted in state court. Plaintiff cannot repudiate his allegations that he did nothing wrong and still maintain that he was the victim of Fourth Amendment violations." *Id*. The same cannot be said of plaintiff here, as discussed *infra*.

steer his suit to a *Heck* bar. The court reads plaintiff's factual allegation to mean that when plaintiff exited his vehicle with his hands up, he did not have a firearm. Likewise, the court does not agree with defendants that plaintiff's assertion that "[a]t the time of initial stop the Defendant-Officers did not have a reasonable suspicion based on specific and articulable facts, the Plaintiff was involved in criminal activity at the time," [1] at para. 29, implies the invalidity of his arrest for driving under the influence. Plaintiff's assertion in his complaint for unreasonable seizure goes directly to the "general approach" under Seventh Circuit law that a finding of an unreasonable seizure does not imply the invalidity of a plaintiff's underlying conviction. See *Rollins*, *Mordi*, *McCann*, above. The court does not find these assertions sufficient to "spring" the *Heck* bar "back into existence."

## C.    Conclusion

For the foregoing reasons, defendants' partial motion for judgment on the pleadings [76] is denied.

Date: 08/05/2019                    ENTER:


_____
United States District Court Judge


Electronic Notices. (LC)

5